UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Herman Rigby, | ) C/A No. 9:08-3421-RBH-BM |
| Plaintiff, | ) |
| vs. | ) |
| S.C. Dept. of Corrections, Director Ozmint; | ) |
| Summerville Police - Detective Cassandra Williams; | ) **Report and Recommendation for** |
| Dorchester County Det. J.B. Garrison; | ) **Partial Summary Dismissal** |
| B. Harrison Bell Jr., Solicitor; | ) |
| Attorney John M. Loy; | ) |
| Holland Lee Williams; | ) |
| Elizabeth Gibson Manning; | ) |
| News Channel 5; and | ) |
| Post and Courier News, | ) |
| Defendants. | ) |

The Plaintiff, Herman Rigby, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the MacDougall Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the

Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Even under this less stringent standard, however, several Defendants named in the *pro se* complaint are entitled to summary dismissal from the action. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

Plaintiff states that, on an unspecified date in 2008, he was charged with the offenses of "Kidnapping" and "two counts of First Degree Criminal Sexual Conduct" by the Summerville Police Department and Dorchester County Sheriff's Office. DNA evidence apparently linked Plaintiff to kidnapping and sexual assault incidents that took place in March and July of 1987. At the time the charges were filed, Plaintiff was serving a sentence on unrelated offenses in a minimum security prison, and as a result of the charges, Plaintiff was moved into a maximum security prison and lost various privileges to include participation in a work release program. Plaintiff also indicates that his family suffered as a result of the media attention surrounding Plaintiff's alleged false arrest.

It appears the charges were ultimately dismissed, as Plaintiff states "the Courts and Dorchester County determined that they had the wrong man." Although Plaintiff was then returned to a minimum security prison, he states that he lost "earnings" and a work release job due to his period of detainment at the high security facility. Plaintiff indicates that the Defendants Ozmint, Cassandra Williams and Garrison are responsible for Plaintiff's alleged false arrest and imprisonment. While Plaintiff provides no factual information to indicate how any of the other

2

Defendants are involved in this action, it is assumed that the Defendants News Channel 5 and Post and Courier News are media entities which reported on Plaintiff's alleged false arrest.[1] Plaintiff seeks monetary damages, an investigation of the Dorchester County Sheriff's Department and Summerville Police Department, and "release from prison ASAP."[2]

### Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). However, to state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint in this case makes no factual allegations against the following Defendants: B. Harrison Bell, Jr. (Solicitor); John M. Loy (Attorney); Holland Lee Williams; Elizabeth Gibson Manning; News Channel 5; and Post and Courier News. While the complaint does make a general

---

[1] Plaintiff submitted, as an attachment to his complaint, a newspaper article from the Post and Courier, which discussed Plaintiff's charges of kidnapping and criminal sexual assault.

[2] State prisoners challenging their confinement ordinarily proceed under 28 U.S.C. §§ 2241 or 2254. Hence, to the extent Plaintiff seeks release from prison, he must file a Petition for a Writ of Habeas Corpus. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973)(habeas corpus is the exclusive remedy for a sate prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).



3

claim of rights being violated in reference to a false arrest, absent specific factual information regarding the named Defendants, these allegations are not sufficient to state a claim under § 1983 against any of these Defendants. Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"); *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). Rather, the complaint must "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiff." *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir. 1981); *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). As Plaintiff provides insufficient facts to state a claim against these Defendants, they are entitled to dismissal from the case.

In addition, several of the above-named Defendants would be entitled to summary dismissal even if sufficient facts had been alleged under § 1983. First, Defendant B. Harrison Bell, Jr., Solicitor, has absolute immunity insofar as his prosecutorial actions in a criminal case are concerned. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Thus, any possible claims Plaintiff may be attempting to raise regarding Defendant Bell's prosecution of his criminal charges are barred from suit under § 1983.

Second, as Plaintiff provides no facts regarding Defendant John M. Loy, Attorney, it is unclear how this Defendant is connected to the instant action. However, to the extent Plaintiff may be alleging a § 1983 claim regarding legal services rendered by Defendant Loy in relation to Plaintiff's alleged "false" charges, this Defendant is not amenable to suit. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney).

Finally, to the extent Plaintiff seeks damages from Defendants News Channel 5 and the Post and Courier News pursuant to § 1983 for an alleged constitutional violation, these two Defendants are not amenable to suit. News Channel 5 and the Post and Courier News are private news media companies, which do not act "under color of state law." As Plaintiff provides no facts to attribute any type of state action to these Defendants, they are entitled to summary dismissal.[3]

## Recommendation

Accordingly, it is recommended that the Court dismiss, *without prejudice* and without issuance and service of process, the following Defendants: B. Harrison Bell, Jr., Solicitor; John M.

---

[3] Plaintiff also alleges a claim of slander in his complaint. A civil action for a state law claim, such as slander, would be cognizable in a federal court under the diversity statute, if that statute's requirements are satisfied. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992). However, The diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). There is no diversity jurisdiction over this case because, according to the information provided by Plaintiff, he and all of the Defendants are residents of South Carolina.



5

Loy, Attorney; Holland Lee Williams; Elizabeth Gibson Manning; News Channel 5; and Post and Courier News. Process shall issue for service of the remaining Defendants: Director Ozmint; Detective Cassandra Williams; and Detective J.B. Garrison. *See Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74.

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

October 22, 2008

Charleston, South Carolina

6

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).